IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| WALTER KIZYS, | ) | CASE NO. 3:10 CV 25 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MAGISTRATE JUDGE |
| v. | ) | WILLIAM H. BAUGHMAN, JR. |
| | ) | |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY, | ) | **MEMORANDUM OPINION AND** |
| | ) | **ORDER** |
| Defendant. | ) | |

## Introduction

This is an action for judicial review of the final decision of the Commissioner of Social Security denying the application of the plaintiff, Walter Kizys, for supplemental security income. The parties have consented to magistrate judge's jurisdiction.

The Administrative Law Judge ("ALJ"), whose decision became the final decision of the Commissioner, found that Kizys had severe impairments consisting of diabetes mellitus, bilateral edema, obesity, chronic obstructive pulmonary disease, nicotine dependence, obstructive sleep apnea, hypertension, and osteoarthritis in the hip.[1] The ALJ made the following finding regarding Kizys's residual functional capacity:

> The claimant has the residual functional capacity to perform the full range of sedentary work (i.e., lifting up to 10 pounds occasionally, sitting up to 6 hours and standing/walking up to 2 hours in an 8-hour workday).[2]

---

[1] Transcript ("Tr.") at 13.

[2] *Id.*

The ALJ decided that this residual functional capacity precluded Kizys from performing any past relevant work.[3]

Applying the medical-vocational guidelines in Appendix 2 of the regulations, the ALJ determined that a significant number of jobs existed locally and nationally that Kizys could perform.[4] The ALJ, therefore, found Kizys not under a disability.[5]

Kizys asks for reversal of the Commissioner's decision on the ground that it does not have the support of substantial evidence in the administrative record. Specifically, Kizys argues that the ALJ erred by not including greater work-related limitations in the residual functional capacity finding.

I conclude that the ALJ's residual functional capacity finding is not supported by substantial evidence and, therefore, the case must be remanded for reconsideration of that finding.

## Analysis

This is a case in which the ALJ found that Kizys had multiple severe impairments and imposed an extremely restrictive residual functional capacity finding without the benefit of any medical source opinion as to work-related limitations whatsoever.

---

[3] *Id.* at 15.

[4] *Id.* at 16.

[5] *Id.*

Counsel in their briefs made no reference to my opinion in *Deskin v. Commissioner of Social Security*,[6] which discusses in detail the circumstances under which an ALJ may make a residual functional capacity finding without the benefit of medical source opinions.

At the oral argument, however, counsel for the Commissioner cited to the decision in *Henderson v. Commissioner of Social Security*,[7] which discusses and criticizes *Deskin*. This case, therefore, presents a challenge to the rule established in *Deskin* and its application to the record here.

Under *Deskin*, an ALJ may make a residual functional capacity finding without a physician's assessment "where the medical evidence shows relatively little physical impairment."[8] In that case the record contained an evaluation of work-related limitations done by a state agency reviewing physician that predated two years of treatment records from the Cleveland Clinic.[9] The ALJ did not obtain an updated evaluation but decided the case based on the outdated evaluation.[10] On those facts I concluded that substantial evidence did

---

[6] *Deskin v. Comm'r of Soc. Sec.*, 605 F. Supp. 2d 908 (N.D. Ohio 2008).

[7] *Henderson v. Comm'r of Soc. Sec.*, No. 1:08cv2080, 2010 WL 750222 (N.D. Ohio March 2, 2010).

[8] *Deskin*, 605 F. Supp. 2d at 912.

[9] *Id.* at 910.

[10] *Id.*

not support the residual functional capacity finding, reasoning that the ALJ cannot assess a claimant's residual functional capacity based on "bare medical findings."[11]

Properly understood, *Deskin* sets out a narrow rule that does not constitute a bright-line test. It potentially applies only when an ALJ makes a finding of work-related limitations based on no medical source opinion or an outdated source opinion that does not include consideration of a critical body of objective medical evidence.[12] The ALJ retains discretion to impose work-related limitations without a proper source opinion where "the medical evidence shows "relatively little physical impairment" and an ALJ "can render a commonsense judgment about functional capacity."[13]

The decision in *Henderson* criticizes *Deskin* as "not representative of the law established by the legislature and interpreted by the Sixth Circuit."[14] In that case, the administrative record contained at least three medical source opinions.[15] The ALJ's limitations were less than those recommended by two doctors but more than that recommended by the third.[16] Because no medical source opinion supported the residual

---

[11] *Id.* at 912, quoting *Rohrberg v. Apfel*, 26 F. Supp. 2d 303, 311 (D. Mass. 1998).

[12] *Id.*

[13] *Id.*, quoting *Manso-Pizarro v. Sec'y of Health & Human Servs.*, 76 F.3d 15, 17 (1st Cir. 1996).

[14] *Henderson*, No. 1:08cv2080, 2010 WL 750222, at *2.

[15] *Id.*

[16] *Id.*

functional capacity finding of the ALJ, the Magistrate Judge applied *Deskin* in concluding that the ALJ's residual functional capacity finding did not have the support of substantial evidence.[17] The District Judge thought this an inappropriate intrusion upon the proper discretion of the ALJ to determine residual functional capacity based on the record.[18]

*Henderson* is not *Deskin*. In *Henderson*, the ALJ used the three medical source opinions as a guide to peg a residual functional capacity finding. According to the case law of this circuit, this is permissible under certain circumstances. In *Hensley v. Astrue*,[19] the court made clear that an ALJ may disregard a treating physician's opinion as to limitations in favor of that of another medical source, provided that the ALJ gives good reasons for doing so as required by the regulations.

In *Deskin*, the ALJ relied upon an early state agency residual functional capacity assessment that did not take into consideration a substantial body of medical evidence that came into the record after that assessment. That an ALJ under those circumstances should not make a residual functional capacity finding without an updated physician's assessment is consistent with the Sixth Circuit's recent decision in *Blakley v. Commissioner of Social Security*.[20] In *Blakley*, the ALJ relied on the opinion of a state agency reviewing physician

---

[17] *Id.*

[18] *Id.*

[19] *Hensley v. Astrue*, 573 F.3d 263, 266 (6th Cir. 2009).

[20] *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399 (6th Cir. 2009).

that pre-dated 300 pages of treatment notes by treating sources in the record.[21] The Sixth Circuit reversed the ALJ's decision as a failure to follow agency procedural rules not excused by harmless error.[22] The court concluded "we require some indication that the ALJ at least considered these facts [the later medical evidence] before giving greater weight to an opinion that is not based on a review of a complete case record."[23] This holding is consistent with the rule set out in *Deskin*.

Here Kizys had substantial physical impairment as evidenced by the very restrictive residual functional capacity finding made by the ALJ. The record contains a body of medical evidence from treating sources that no medical source reviewed or evaluated. Without the benefit of such an opinion, the ALJ imposed work-related limitations. This is not a case in which the claimant presents "relatively little physical impairment" and the ALJ could "render a commonsense judgment about functional capacity."[24]

Based on all the authorities cited above, and the total absence of a medical source assessment in this case, this is a *Deskin* remand.

---

[21] *Id.* at 409.

[22] *Id.* at 409-10.

[23] *Id.* at 409.

[24] *Deskin*, 605 F. Supp. 2d at 912. *Accord*, *Walker v. Astrue*, No. 08cv828, 2010 WL 2629832, at *6 (W.D.N.Y. June 11, 2010).

## Conclusion

The decision of the Commissioner denying Kizys's application for supplemental security income is reversed and the case remanded for reconsideration of the residual functional capacity finding consistent with this opinion.

For purposes of any potential application for attorney's fees under the Equal Access to Justice Act,[25] the Court concludes that the position of the Commissioner was substantially justified.

IT IS SO ORDERED.


Dated:  October 21, 2011                              s/ William H. Baughman, Jr.
                                                     United States Magistrate Judge

---

[25] 28 U.S.C. § 2412(d)(1)(A).